IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LONNIE MCCAIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:11CV00553 AGF |
| | ) | |
| DAVE DORMIRE, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on the petition of Missouri state prisoner Lonnie McCain for a writ of habeas corpus pursuant to 28 U.S.C. ' 2254. Petitioner was convicted by a jury of first-degree assault of a law enforcement officer, driving while intoxicated ("DWI"), and driving with a revoked license ("DWR"). He was sentenced to 15 years, one year, and one year, respectively, to run concurrently.

For habeas relief, Petitioner claims that his constitutional rights were violated in the following ways: trial counsel was ineffective by failing to call an expert witness to testify regarding Petitioner's physical and mental condition at the time of the assault; Petitioner was improperly charged with first-degree assault because, as a result of the alcoholic beverages Petitioner consumed, Petitioner was not in a physical or mental condition to commit that crime; the prosecutor improperly amended the Information by crossing out the phrase "and taking the officer to the ground" from the first-degree assault

count, which Petitioner claims entitled him to a new preliminary hearing;[1] and direct appeal counsel provided ineffective assistance by failing to argue to the appellate court that Petitioner was not afforded a proper hearing to determine whether Petitioner was a prior and persistent offender. For the reasons set forth below, federal habeas relief shall be denied.

## BACKGROUND

Petitioner was arrested on May 1, 2005. On June 10, 2005, an Information was filed against Petitioner charging him with the crimes of conviction. The first count alleged that Petitioner committed felony assault of a law enforcement officer in the first degree because Petitioner knew the victim was a law enforcement officer and "attempted to cause serious physical injury to him, by punching him numerous times with a closed fist and taking the officer to the ground." (Resp. Ex. E at 11.)

On September 16, 2005, the prosecutor filed an amended Information, in which he crossed out the phrase "and taking the officer to the ground" from the first count. (Resp. Ex. E at 13.) Petitioner was arraigned the same day. Also that day, the prosecutor filed a motion to find that Petitioner was a prior and persistent offender, and in support thereof, presented documentary evidence of Petitioner's three prior felonies. (Resp. Ex. E at 69-70.)

On September 16, 2005, following oral argument on the prosecutor's motion, the trial court entered an order finding that Petitioner was a prior and persistent felony

---

[1] Petitioner presents all of the preceding claims under the title "ineffective assistance of trial counsel."

2

offender. The trial court reasoned that the evidence warranted a finding beyond a reasonable doubt that Petitioner was a prior and persistent felony offender in that Petitioner pled guilty or was found guilty of the prior felonies of burglary, first-degree robbery, and armed criminal action. (Resp. Ex. E at 15.)

A jury trial was held on September 16, 2005, at which the Petitioner was represented by a public defender. In opening statement and closing argument, defense counsel conceded Petitioner's guilt of driving while intoxicated. (Trial Tr., Resp. Ex. E at 101, 125-26.) The evidence presented at trial established that Petitioner was stopped by Missouri Highway Patrol Trooper Kyle Wilmont after Wilmont observed Petitioner veering from his lane of traffic onto the shoulder of the roadway and into the opposite lane of traffic. Wilmont testified that Petitioner smelled of intoxicating beverages, that there were several open beer cans in Petitioner's vehicle, and that Petitioner had blood-shot eyes and slurred speech. Wilmont also testified that Petitioner's "movements were a little slow, a little lethargic." Wilmont performed three field sobriety tests, which Petitioner failed. Wilmont then checked Petitioner's driving status and discovered that Petitioner's driver's license had been revoked. While attempting to place Petitioner under arrest, Petitioner punched Wilmont with a closed fist in the chest, jaw, and face. (Trial Tr., Resp. Ex. E at 102-107.)

The jury returned a verdict on September 16, 2005, finding Petitioner guilty on all counts. On January 10, 2006, Petitioner was sentenced as a prior and persistent offender to 15 years for the felony assault, one year for the DWI, and one year for the DWR, all to be served concurrently.

3

**Direct Appeal and State Post-Conviction Proceedings**

Petitioner, represented by private counsel, filed a notice of appeal on January 19, 2006. (Resp. Ex. E at 61-62.) Due to a dispute regarding Petitioner's failure to pay fees and failure to maintain adequate contact with counsel, Petitioner's private counsel filed a motion to withdraw, which the Missouri Court of Appeals granted. (Resp. Ex. I at 2.) The court subsequently dismissed the direct appeal for failure to perfect the appeal. (Resp. Exs. A-B.)

On February 28, 2008, Petitioner filed a pro se motion for post-conviction relief, presenting multiple grounds for relief, including that trial counsel was ineffective for failing to interview or call an unidentified "key witness," and appellate counsel was ineffective for reasons undescribed. None of the grounds raised in Petitioner's pro se motion are raised in the petition for federal habeas relief.[2]

On May 30, 2008, a public defender appointed on Petitioner's behalf filed an amended motion for post-conviction relief. None of the grounds raised in Petitioner's amended motion, at the evidentiary hearing on Petitioner's amended motion, or on appeal from denial of state post-conviction relief are raised in the habeas petition.[3]

---

[2] The remaining claims raised in Petitioner's pro se motion were: (1) trial counsel was ineffective for (a) failing to spend enough time with Petitioner, (b) failing to sufficiently investigate Petitioner's case and conduct sufficient discovery, (c) telling Petitioner that if Petitioner were to testify at trial, counsel would "walk out on" Petitioner, and (d) failing "to object to evidence on arguments presented by the State"; and (2) plea counsel was ineffective for reasons undescribed. (Resp. Ex. E at 142; Supplement to Resp. Ex. E at 142a.)

[3] Petitioner's amended motion, prepared with assistance of counsel, claimed: (1) trial counsel was ineffective for failing to call as a witness at trial the passenger in Petitioner's

4

**Federal Habeas Petition**

In his petition for a writ of habeas corpus filed on March 24, 2011, Petitioner raises the grounds as set forth on pages 1-2, above. Respondent argues that federal habeas relief must be denied with respect to the claims as they relate to Petitioner's DWI and DWR convictions because Petitioner was not "in custody" in relation to his DWI and DWR sentences at the time of filing the habeas petition. Respondent next argues that habeas relief must be denied with respect to all of Petitioner's claims because they were not raised in state court and were thus procedurally defaulted, and Petitioner did not establish cause to excuse the default. Finally, Respondent contends that, in any event, Petitioner's claims are without merit.

In a traverse, Petitioner appears to argue that (1) his habeas claims were not procedurally defaulted because he raised the claims in his pro se motion for post-conviction relief, and the public defender removed the claims in the amended motion; and (2) any procedural default of his habeas claims should be excused because the State's filing of an amended Information constitutes a "jurisdictional defect," and because he is actually innocent of first-degree assault. Petitioner also re-asserts and expands upon the merits of his grounds for relief.

---

car when he was pulled over; (2) trial counsel was ineffective for conceding Petitioner's guilt regarding the DWI and DWR charges; and (3) appellate counsel was ineffective for failing to perfect Petitioner's direct appeal. (Resp. Ex. E at 148-180.) These were the grounds discussed at the evidentiary hearing on the amended motion. (Resp. Ex. C.) On appeal from denial of post-conviction relief, also with the assistance of counsel, Petitioner preserved only two of these claims: (1) trial counsel was ineffective for conceding Petitioner's guilt regarding the DWI and DWR charges, and (2) appellate counsel was ineffective for failing to perfect Petitioner's direct appeal. (Resp. Ex. F.)

## DISCUSSION

### Jurisdiction

In order for this Court to have jurisdiction to consider a habeas petition from a state prisoner, the petitioner must be "in custody" under the judgment challenged at the time the petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) (quoting 28 U.S.C. § 2254(a)). Respondent correctly argues that Petitioner was not "in custody" with respect to his DWI and DWR convictions at the time the habeas petition was filed because those one-year sentences expired several years before Petitioner filed his habeas petition. While this may be true, Petitioner appears to be challenging his 15-year assault sentence, not his one-year DWI or DWR sentences. Under the 15-year assault sentence, it is undisputed that Petitioner was in custody at the time of filing his habeas petition on March 24, 2011. Therefore, this Court has jurisdiction to consider Petitioner's habeas petition.

### Procedural Default

"Ordinarily, a federal court reviewing a state conviction in a [federal habeas corpus] proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules." *Arnold v. Dormire*, 675 F.3d 1082, 1086-87 (8th Cir. 2012) (citation omitted). For Missouri prisoners, claims that could have been but were not raised on direct appeal or on appeal from the denial of a post-conviction motion are procedurally defaulted. *Moore-El v. Luebbers*, 446 F.3d 890, 897-98 (8th Cir. 2006).

A state prisoner, however, may obtain federal review of a defaulted claim by showing cause for the default and actual prejudice as a result of the constitutional violation, or that he is actually innocent of the crimes for which he was convicted. *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Attorney errors in initial-review collateral proceedings may qualify as cause for a procedural default. *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012). But ineffective assistance of counsel in not raising a claim on appeal from the denial of post-conviction relief does not constitute cause. *Id.* at 1320; *Arnold*, 675 F.3d at 1087.

A claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Petitioners asserting innocence as a gateway to defaulted claims must establish that in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327; *see also McQuiggin v. Perkins*, 133 S. Ct. 1924, 1932 (2013).

The Court agrees with the State that Petitioner's habeas claims were procedurally defaulted in state court. Contrary to Petitioner's assertions in the traverse, Petitioner did not raise the habeas claims in his pro se motion for post-conviction relief. The pro se motion's mere mention of trial counsel's failure to call an unidentified "key witness" and its general mention of ineffective assistance of appellate counsel, with no further detail,

7

were not sufficiently specific to preserve the claims that were subsequently raised in Petitioner's habeas petition. *See Moore-El*, 446 F.3d at 897-98 (holding that where post-conviction appellate brief referred to witnesses "whose existence were or should have been known by trial counsel" as part of an attack on various motion court rulings, but failed to "rais[e] directly" the habeas claim that counsel was ineffective in failing to call those witnesses, petitioner "did not invite the state appellate court to address the merits" of his habeas claim, and "none of these references to [witnesses] was sufficiently specific to preserve" the habeas claim). And as noted above, Petitioner failed to present the habeas claims in his amended post-conviction motion, at the evidentiary hearing on his post-conviction motion, or on appeal from the denial of post-conviction relief.

Petitioner has not demonstrated any basis to excuse the default. In the traverse, Petitioner appears to argue as cause for the procedural default that his counsel erred in amending his pro se motion for post-conviction relief. As discussed above, because Petitioner's pro se motion did not present his habeas claims, counsel's amendment of such motion is irrelevant to the issue of procedural default. Nor has Petitioner demonstrated–or even asserted–that post-conviction counsel provided ineffective assistance.

Petitioner also argues that the State's filing of an amended Information constituted a "jurisdictional defect" in the state court proceedings, and such jurisdictional defect precludes a finding of procedural default for purposes of federal habeas review. Whether Missouri had jurisdiction to try and convict Petitioner is a matter for the Missouri courts to address. *See Beaulieu v. Minnesota*, 583 F.3d 570, 574 (8th Cir. 2009) ("[J]urisdiction

is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law. Whether Minnesota had jurisdiction of his claim was a matter for the Minnesota courts to address.") (citation omitted). Petitioner's habeas claims, including Petitioner's claim regarding the amended Information, were procedurally defaulted and, absent an excuse for the default, are unreviewable in federal court because he failed to present these claims to the Missouri courts.

Petitioner also has not demonstrated actual innocence, either as a free standing claim, or as a gateway to excuse his procedural defaults. Petitioner does not present any new evidence, and "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.'" *Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting *Schlup*, 513 U.S. at 316); *see also Epkins v. Norman*, No. 4:11 CV 1546 DDN, 2014 WL 51353, at *4 (E.D. Mo. Jan. 7, 2014).

Moreover, even if the expert testimony or other evidence of Petitioner's physical and mental condition due to voluntary intoxication that Petitioner asserts should have been presented at trial was presented, the Court cannot conclude that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. Evidence was presented at trial that Petitioner smelled of intoxicating beverages, there were several open beer cans in Petitioner's vehicle, Petitioner had blood-shot eyes and slurred speech, Petitioner's movements were slow and lethargic, and Petitioner failed three sobriety tests; and that in this physical and mental state, Petitioner punched the

9

officer with a closed fist in the chest, jaw, and face. Petitioner has not demonstrated that any such testimony from an expert would have been available. And in any event, the Court cannot say that had Petitioner's trial counsel presented additional evidence of Petitioner's physical and mental condition, no reasonable juror could have concluded that Petitioner had the physical and mental capacity to commit the offense of assault.

## **CONCLUSION**

The Court concludes that all of Petitioner's claims are procedurally barred from consideration on their merits because Petitioner did not properly raise them in state court and did not demonstrate either cause and prejudice or actual innocence sufficient to avoid that bar. Furthermore, the Court does not believe that reasonable jurists might find the Court's assessment of Petitioner=s claims for habeas relief debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. '2253(c)(2). *See Miller-El v. Cockrell*, 123 S.Ct. 1029, 1040 (2003) (standard for issuing a Certificate of Appealability) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly,

**IT IS HEREBY ORDERED t**hat the petition of Lonnie McCain for a writ of habeas corpus relief is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability shall not be issued in this case.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 15th day of August, 2014.